UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DEMOS PARNEROS,

        Plaintiff/Counterclaim Defendant,

            - against -

BARNES & NOBLE, INC.,

        Defendant/Counterclaim Plaintiff
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                    1:18-cv-07834 (JGK)

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ADVANCEMENT OF ATTORNEYS' FEES AND EXPENSES

                    VLADECK, RASKIN & CLARK, P.C.
                    Attorneys for Plaintiff
                    565 Fifth Avenue, 9th Floor
                    New York, New York 10017
                    (212) 403-7300

Of counsel:
    Debra L. Raskin
    Anne L. Clark

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND..................................................................... 1

ARGUMENT .................................................................................................................... 3

     I.     PLAINTIFF IS ENTITLED TO ADVANCEMENT ............................................. 3

          A.     Plaintiff's Contract and New York Law Require Advancement ................ 3

          B.     Advancement is Consistent with Defendant's
                 By-Laws and Delaware Law ..................................................................... 5

     II.    PROPOSED METHODOLOGY ..................................................................... 6

CONCLUSION ................................................................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Dannenberg v. Fitracks, Inc.</u>,
  58 A.3d 991 (Del. Ch. 2012)...................................................................................8

<u>Happy Kids, Inc. v. Glasgow</u>,
  No. 01 Civ. 6434 (GEL), 2002 WL 72937 (S.D.N.Y. Jan. 17, 2002) .............................4, 5, 8

<u>Holley v. Nirpo Diagnostics, Inc.</u>,
  No. 1679-VCP, 2015 WL 4880418 (Del. Ch. Aug. 14, 2015) ..................................................7

<u>O'Brien v. IAC/Interactive Corp.</u>,
  No. 3892-VCP, 2010 WL 3385798 (Del. Ch. Aug. 27, 2010), <u>aff'd</u>, 26 A.3d
  174 (Del. 2011) ........................................................................................................8

<u>Pantone v. Milso Indus. Corp.</u>,
  100 A.3d 1023 (Del. Ch. 2014)...................................................................................6

<u>Radiancy, Inc. v. Azar</u>,
  No. 1547-N, 2006 WL 4762868 (Del. Ch. Jan. 23, 2006).......................................................8

<u>Schepisi v. Roberts</u>,
  Nos. 650344/08, 11538/08, 2012 WL 10007766 (N.Y. Sup. Ct. May 2, 2012),
  <u>aff'd</u>, 977 N.Y.S.2d 1 (1st Dep't 2013) ..........................................................................7

<u>Sequa Corp. v. Gelmin</u>,
  828 F. Supp. 203 (S.D.N.Y. 1993) ..................................................................................5

**Statutes**

Delaware General Corporation Law § 145 ............................................................................2, 6

N.Y. Bus. Corp. Law § 721 et. seq. ...................................................................... *passim*

PRELIMINARY STATEMENT

Plaintiff/counterclaim defendant Demos Parneros ("plaintiff" or "Parneros") respectfully submits this memorandum of law in support of his Motion for Advancement of Attorneys' Fees and Expenses. Defendant/counterclaim plaintiff Barnes & Noble, Inc. ("defendant" or "B&N") filed Defendant's Answer to Amended Complaint with Counterclaims ("Counterclaims") on October 30, 2018. (Declaration of Demos Parneros ("Parneros Decl."), Ex. D) Defendant asserted three counterclaims based on allegations that Parneros sexually harassed an employee, was abusive toward members of the executive team, and deliberately sabotaged a potential sale to an entity defendant refers to as Potential Acquirer because of his own self-interest. Parneros denies the allegations, thereby raising genuine issues of fact and law. Thus, under his employment contract and applicable state law, he is entitled to advancement of his attorneys' fees and costs incurred in defending against them.

FACTUAL AND PROCEDURAL BACKGROUND

B&N and Parneros entered into a contract dated November 17, 2016, under which he was employed as Chief Operating Officer, reporting to Chair and founder Leonard Riggio ("Riggio"). (Parneros Decl., Ex. A) Parneros was promoted to CEO, pursuant to an amendment to his employment contract dated April 27, 2017, and reported to the Board of Directors. (Parneros Decl., Ex. B)

The November 17, 2016 contract provides:

> You shall be indemnified by the Company, as an officer of the Company and its affiliates, against all actions, suits, claims, legal proceeding and the like to the fullest extent permitted by law, including advancement of expenses, partial indemnification, indemnification following the termination of this Agreement, indemnification of your estate and similar matters. For purposes of this Agreement, such indemnification shall extend to, to the fullest extent permitted by law, legal fees, costs, expenses,

990698v1

> judgments, settlements, claim resolution payments, arbitration fees, arbitrator fees, mediation fees, negotiation fees and hold harmless obligations.

(Parneros Decl., Ex. A, Section 5)  The contract also states that it shall be:

> construed (both as to validity and performance) and enforced in accordance with and governed by the laws of the State of New York applicable to agreements made and to be performed wholly within the State of New York, without giving effect to any choice of law or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York.

(Id., Section 6.7)  Both of these provisions were incorporated by reference in the April 27, 2017 contract.  (Parneros Decl., Ex. B)

B&N's Amended and Restated By-Laws ("By-Laws") also provide for indemnification of officers and directors "to the fullest extent authorized by the Delaware General Corporation Law," regardless of the capacity in which the person is being sued.  Such indemnification includes the right to advancement of attorneys' fees and expenses.  (Parneros Decl., Ex. C, Article X, Sections 1, 2)  The right to indemnification and advancement under the By-Laws is not exclusive of any other right, including entitlements pursuant to agreement or statute.  (Id., Article X, Section 4)  In any proceeding to enforce the right to advancement, B&N has the burden of proof.  (Id., Section 3)

On October 30, 2018, B&N filed three counterclaims against Parneros: (1) breach of the duties of loyalty and good faith; (2) a claim that plaintiff was a faithless servant due to the breach of his duties of loyalty and good faith; and (3) for a declaratory judgment that it had cause to fire plaintiff, which justified the cancelation of his equity.  Plaintiff filed a motion to dismiss the second counterclaim on December 21, 2018.  Parneros has denied, under oath, that he sexually harassed or mistreated any employees, including the Executive Assistant and Chief Financial Officer Allen Lindstrom, and denied that he sabotaged or attempted to sabotage the sale of B&N

to the Potential Acquirer. (Parneros Decl. ¶¶ 6-19)  The first and second counterclaims are based upon the allegations about Parneros's conduct with the Potential Acquirer.

By letter dated November 12, 2018, plaintiff, through his counsel, made a demand upon defendant, through its counsel, for advancement of attorneys' fees and costs incurred in defending the counterclaims, pursuant to plaintiff's contract. (Declaration of Anne L. Clark ("Clark Decl."), Ex. A)  At a conference on November 29, 2018, the Court set the deadline for plaintiff to answer or move to dismiss the counterclaims as December 21, 2018, and granted permission for plaintiff to include a motion for advancement on the same date if the parties could not resolve the matter.  By letter dated December 14, 2018, plaintiff's counsel wrote to the Court on behalf of both parties to request additional time for the parties to discuss advancement before the filing of a motion, proposing January 18, 2019. (Dkt. No. 34)  On December 17, 2018, the Court granted the parties' request. (Dkt. No. 35)  The parties tried, unsuccessfully, to reach an agreement on advancement. (Clark Decl. ¶ 3)

ARGUMENT

I.    PLAINTIFF IS ENTITLED TO ADVANCEMENT

   A.  Plaintiff's Contract and New York Law Require Advancement

Under his employment contracts, Parneros is entitled to advancement of his attorneys' fees and expenses to the fullest extent permitted by New York law. (Parneros Decl., Ex. A at Sections 5, 6.7, Ex. B)  New York law on indemnification of officers and directors is very broad.  In relevant part, the statute:

   •    Is not exclusive to rights of officers, directors, or other corporate personnel to indemnification by agreement, by-law, or corporate resolution, unless there is a final judgment that the person committed acts in "bad faith" or due to "active and deliberate dishonesty and were material to the cause of action" or

resulted in a financial gain or profit to which he was not legally entitled. N.Y. Bus. Corp. Law § 721.

- Permits a corporation to indemnify persons made a party to actions brought by the corporation. N.Y. Bus. Corp. Law § 722(c).

- Directs that where a corporation has failed to provide indemnification, it shall be granted by a court to the extent authorized by Section 722. N.Y. Bus. Corp. Law §724(a).

- Allows courts to award "reasonable expenses, including attorneys' fees, during the pendency of the ligation as are necessary in connection with [the indemnitee's] defense therein, if the court shall find that the defendant has by his pleadings or during the course of the litigation raised genuine issues of fact or law." N.Y. Bus. Corp. Law §724(c).

- Prohibits advancement where it would be inconsistent with the law of the jurisdiction of incorporation of a foreign corporation or with a by-law or corporate resolution that was in effect at the time of accrual of the alleged cause of action. N.Y. Bus. Corp. Law §725(b).

"Courts have utilized §724(c) to direct the advance payment of fees where indemnification was provided for by a corporate by-law or contract . . . as well as when no corporate indemnification agreement existed." Happy Kids, Inc. v. Glasgow, No. 01 Civ. 6434 (GEL), 2002 WL 72937, at *1 (S.D.N.Y. Jan. 17, 2002) (citations omitted); see Levy v. Young

<u>Adult Inst., Inc.</u>; No. 13-CV-02861 (JPO)(SN), 2015 WL 5333536 (S.D.N.Y. Sept. 14, 2015)[1];

<u>Sequa Corp. v. Gelmin</u>, 828 F. Supp. 203, 205-07 (S.D.N.Y. 1993).  New York law allows courts

to order advancement of reasonable litigation expenses to officers and directors "to the extent

consistent with both the statute" and the indemnification agreement, if the officer or director "by

his pleadings, has raised genuine issues of fact or law."[2]  <u>Happy Kids</u>, 2002 WL 72937, at *2.

Courts applying New York law have awarded advancement for officers and directors to defend

against claims brought by the corporation itself.  <u>Id.</u> at *3; <u>Levy</u>, 2015 WL 5333536, at *5; <u>Sequa</u>,

828 F. Supp. at 207.

   Parneros's contracts with B&N are as broad as the agreement in <u>Happy Kids</u>, that

requires indemnification and advancement "to the fullest extent permitted by law." (Parneros

Decl., Exhibits A, B)  As New York law permits advancement for claims between the parties and

Parneros has denied the accusations against him in the counterclaims, he is entitled to advancement

under Section 724(c).

 B. <u>Advancement is Consistent with Defendant's By-Laws and Delaware Law</u>

   New York law prohibits advancement only if it would conflict with the law of the

jurisdiction where a foreign company is incorporated or a by-law or corporate resolution.  N.Y.

Bus. Corp. Law § 725(b).  The B&N By-Laws mandate indemnification—including advancement

of attorneys' fees and expenses—for any person made  a party "by reason of the fact" that he was

---

[1] <u>Levy</u> was decided under New York's Not-For-Profit Corporation Law, which is "widely

considered to be analogous" to the Business Corporation Law. <u>Levy</u>, 2015 WL 5333536, at *2

n.5.

[2] Courts have found genuine issues raised either by the answer to the claims or by affidavit, as in

this case. See <u>Levy</u>, 2015 WL 5333536, at *3; <u>Sequa</u>, 828 F. Supp. at 206.

an officer or director of B&N, regardless of whether the proceeding is brought against the person in his official company, "to the fullest extent authorized by the Delaware General Corporation Law." (Parneros Decl., Ex. C, Article X, Sections 1, 2)  Delaware law permits indemnification of officers, directors, and employees, including for claims brought by the corporation.  8 Del. C. §145(b).  Delaware law also permits advancement. 8 Del. C. §145(e).  The Delaware Chancery Court has held, "[w]hen a corporation agrees to make mandatory the permissive authority to provide advancement and indemnification conferred by Sections 145(a), (b), and (e) of the General Corporation Law, the corporation confers a contractual fee-shifting right on the covered person." Pantone v. Milso Indus. Corp., 100 A.3d 1023, 1039 (Del. Ch. 2014) (quotations and citations omitted).  The By-Laws and Delaware law are thus both fully consistent with B&N advancing Parneros the cost of defending the counterclaims.

II.      PROPOSED METHODOLOGY

      Plaintiff is seeking attorneys' fees and costs already expended and those he will expend in the future defending against the counterclaims. See Levy, 2015 WL 5333536, at *5. Plaintiff has not submitted documentation or details of the attorneys' fees and costs to date because he requests a ruling from the court on apportionment which would clarify what documentation would be required.  He therefore proposes that the detail be submitted after this Court's ruling.

      Plaintiff is not asserting a claim for advancement for his affirmative claims.  There are some issues that are clearly relevant to the affirmative claims and others to the counterclaims. For example, lawyer time and expenses that pre-date the filing of the counterclaims or relate to plaintiff's damages do not fall within plaintiff's advancement rights.  Time and expenses for

plaintiff's motion to dismiss the counterclaims, for this motion,[3] and with respect to defendant's damages, are all fully compensable. Plaintiff can exclude the time and expenses for the former activities and submit for advancement those for the latter.

Plaintiff's affirmative claims and the counterclaims will involve work primarily relating to issues relevant to both. The Delaware Chancery court[4] has held that "in actions where only certain claims are advanceable, the Court generally will not determine at the advancement stage whether fee requests relate to covered claims or excluded claims, unless such discerning review can be done realistically without significant burden on the Court." Holley v. Nirpo Diagnostics, Inc., No. 1679-VCP, 2015 WL 4880418, at *1 (Del. Ch. Aug. 14, 2015). If the determination cannot be done easily, the allocation will be deferred to the indemnification stage. Id. "If fees cannot be apportioned with rough precision between advanceable claims and non-advanceable claims, or the work was useful for both sets of claims, then the fees will be advanced in whole." Id. This approach has also been applied to counsel representing multiple defendants and to separate proceedings. Id. at *1-2.

Fees that would have been incurred in defense of the covered action even if the non-covered action had not been brought are fully advanceable. Id. at 2-3 (awarding former corporate officer full fees where same conduct was at issue in two proceedings, only one of which was eligible for advancement). See also Schepisi, 2012 WL 10007766, at *5 (holding that no

---

[3] See Schepisi v. Roberts, Nos. 650344/08, 11538/08, 2012 WL 10007766, at *5 (N.Y. Sup. Ct. May 2, 2012), aff'd, 977 N.Y.S.2d 1 (1st Dep't 2013).

[4] Although Delaware law is not binding on issues under New York's statute, New York courts find Delaware decisions to be instructive. Schepisi, 2012 WL 10007766, at *2.

allocation was necessary when attorney represented two defendants, only one of whom was entitled to advancement; also holding that where corporation's claims and individual's counterclaims entailed the same factual and legal issues, the individual is entitled to advancement for both his own claims and defense of the claims asserted against him); Dannenberg v. Fitracks, Inc., 58 A.3d 991, 1000 (Del. Ch. 2012) (awarding full fees for work for multiple defendants that would have been the same if former officer was sole defendant); Radiancy, Inc. v. Azar, No. 1547-N, 2006 WL 4762868, at *4 (Del. Ch. Jan. 23, 2006) (holding that to the extent issues in former officers' claims mirror issues in corporation's claims, those issues are subject to advancement).

Other courts have made a percentage adjustment when there are both affirmative claims by the indemnitee and claims subject to advancement or indemnification.   O'Brien v. IAC/Interactive Corp., No. 3892-VCP, 2010 WL 3385798, at *13-15  (Del. Ch. Aug. 27, 2010) (reducing fees by 10% for one proceeding and 20% for another), aff'd, 26 A.3d 174 (Del. 2011); see Happy Kids, 2002 WL 72937,  at *4-5 (for fees not specifically attributable to the claim for which defendant is entitled to advancement or the claim to which he is not, corporation ordered to advance half of costs).  Plaintiff proposes, subject to adjustments at the conclusion of the case, that the time and expenses on the overlapping issues be divided 50/50.

Plaintiff respectfully proposes that once the Court provides guidance, the parties be granted a reasonable period of time to resolve the attorneys' fees and costs due to date and the procedure for the future.  If the parties are unable to agree within the designated time, plaintiff would then submit support for attorneys' fees and costs to the Court.

<u>CONCLUSION</u>

For these reasons, plaintiff's motion for advancement of legal fees and costs (including those already incurred) should be granted.

Dated: New York, New York
January 18, 2019

VLADECK, RASKIN & CLARK, P.C.

By:      /s Anne L. Clark
Debra L. Raskin
Anne L. Clark
Attorneys for Plaintiff
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300

CERTIFICATE OF COMPLIANCE

Anne L. Clark, a member of Vladeck, Raskin & Clark, P.C., attorneys for plaintiff,

hereby certifies that the foregoing brief complies with all applicable formatting rules, including

the Individual Practices of Judge John G. Koeltl. The total number of words in the foregoing brief,

based upon the word count of the word-processing system used to prepare the brief, is 2,398.

Dated:   New York, New York
         January 18, 2019

                              VLADECK, RASKIN & CLARK, P.C.

                    By:    s/ Anne L. Clark
                           Debra L. Raskin
                           Anne L. Clark
                           Attorneys for the Plaintiff
                           565 Fifth Avenue, 9th Floor
                           New York, New York  10017
                           (212) 403-7300

990698v1                             10