**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS    NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3096

WRITER'S DIRECT FACSIMILE
(212) 492-0096

WRITER'S DIRECT E-MAIL ADDRESS
lvelazquez@paulweiss.com

August 20, 2019

**Via ECF and Fax**

The Honorable Gabriel W. Gorenstein
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Parneros* v. *Barnes & Noble, Inc.*, No. 18-cv-07834 (JGK)(GWG)

Dear Judge Gorenstein:

We represent Defendant and Counterclaim Plaintiff Barnes & Noble, Inc. ("Barnes & Noble") in the above captioned matter. We write in response to your second Order dated August 16, 2019 (ECF No. 107), which directs plaintiff Demos Parneros ("Plaintiff") to file his letter and attachment dated August 15, 2019 (ECF No. 104) in unredacted form, apart from redactions concealing the name of the Executive Assistant, unless either party files a letter on or before August 20, 2019 requesting permission to apply additional redactions.

For the same reasons this Court granted redaction of the Executive Assistant's name and identifying information in its two August 16, 2019 Orders (ECF Nos. 106 and 107), Barnes & Noble hereby respectfully requests that the Court permit Plaintiff to re-file his letter and its attachment with one additional redaction, to conceal the name of another Barnes & Noble employee identified in the attachment to Plaintiff's August 15, 2019 letter, Exhibit 1 containing excerpts of the deposition transcript of Leonard Riggio.[1] *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (explaining that one factor courts consider when determining whether to seal judicial documents is "the privacy interests of those resisting disclosure"). It is well-settled that "the privacy interests of innocent third parties . . . should weigh

---

[1] Plaintiff has consented to wait to re-file his August 15, 2019 letter until the Court has ruled on this request to permit this additional redaction.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

heavily in a court's balancing equation," and "[s]uch interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *United States* v. *Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (citations omitted).  In examining privacy interests, "courts should first consider the degree to which the subject matter is traditionally considered private rather than public.  Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* at 1051.  In addition, courts consider "the nature and degree of injury," which in part entails consideration "of the sensitivity of the information and the subject" as well as "how the person seeking access intends to use the information." *Id.*

The additional employee is named in the excerpt where Plaintiff's counsel asks Mr. Riggio if, "to [his] knowledge, anyone at the book fair notice[d] *Mr. Parneros putting [Barnes & Noble employee] in a headlock and dragging her across the floor*." (ECF No. 104, Ex. 1 at 174:23 – 175:3 (emphasis added).)  Barnes & Noble requests that the Court permit Plaintiff to redact this employee's name to protect her from the embarrassment of having this information publicly disclosed through this filing.  The parties had purposefully not identified this second Barnes & Noble employee by name in any previous Court filing, and her identity is sensitive, traditionally private information "with no public ramifications."  *See McCracken* v. *Verisma Sys., Inc.*, No. 6:14-cv-06248(MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) (sealing exhibit involving employee compensation information, reasoning that "the privacy interests of the employees, who are not parties to this action, outweigh the presumption of public access to court documents").  Her privacy interests are clearly implicated where here, through this filing, she would be identified by name for the first time in connection with this "embarrassing [incident] with no public ramifications." *Amodeo*, 71 F.3d at 1051.

For all these reasons, Barnes & Noble respectfully requests that the Court permit the redaction of this additional employee's name in Plaintiff's Exhibit 1 to ECF No. 104.

Respectfully submitted,

/s/ Liza M. Velazquez
Liza M. Velazquez

cc:   Counsel of Record (by ECF)